UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/2021

United States of America,

–v–

Soloman Graham,

                            Defendant.

16-cr-426 (AJN)

MEMORANDUM OPINION &
ORDER

ALISON J. NATHAN, District Judge:

Soloman Graham moves for compassionate release pursuant to 18 U.S.C. § 3582(c).  The

Court concludes that the despite the extraordinary circumstances of the COVID-19 pandemic,

the sentencing factors in 18 U.S.C. § 3553(a) do not favor a reduction in Mr. Graham's sentence.

The Court thus denies his motion.

I.      **Background**

        A.      **Underlying Offenses and Incarceration**

        Mr. Graham pled guilty to conspiracy to distribute heroin and crack cocaine and witness

retaliation in connection with his role as the leader of a drug trafficking organization based in the

Bronx.  Presentence Investigative Report, Dkt. No. 59, ¶¶ 8, 14; Sentencing Tr., Dkt. No. 80, at

23.  In that role, he ordered and organized a retaliatory shooting at the home of a cooperating

witness on New Year's Eve in 2014.  The witness was not home during the shooting, but two

others were, including an eight-year-old boy.  Sentencing Tr. at 24.  Mr. Graham's co-

conspirators fired multiple shots into the home, striking and injuring a man inside.  *Id.*  As the

Court remarked at sentencing, it was only good fortune that spared those in the house greater

injury or death.  The Court sentenced Mr. Graham to 151 months' imprisonment.

Mr. Graham is currently incarcerated at FCI Berlin with a projected release date in August 2027.

### B.   Procedural History

Mr. Graham filed an administrative request for compassionate release on July 22, 2020, and the Bureau of Prisons denied it a week later.  Gov. Br., Dkt. No. 94, at 1–2.  On August 11, he filed a pro se motion for compassionate release.  Dkt. No. 92.  The Government opposed the motion.  The Court invited Mr. Graham to file a reply brief in support of his motion, but he has not done so.  *See* Dkt. No. 93.

## II.   Discussion

The compassionate release statute provides a limited exception to the rule that "[f]ederal courts are forbidden,  as a general matter, to 'modify a term of imprisonment once it has been imposed.'"  *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)).  It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018, 132 Stat. 5194, 5239, authorizes a defendant serving their sentence to move the Court for compassionate release after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden.  *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020).  "Chief among the[] changes [made by the First Step Act] was the removal of the BOP as the sole arbiter of compassionate release motions."  *United States v.*

*Brooker*, 976 F.3d 228, 233 (2d Cir. 2020).  The First Step Act grants district courts "broad" discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *Id.* at 237.

The Government does not contest exhaustion.  Gov. Br. at 1–2.  Nor does it contest that the pandemic amounts to an extraordinary and compelling circumstance for a person with risk factors for severe illness or death from COVID-19.  *Id.* at 2; *see, e.g.*, *United States v. Williams-Bethea*, No. 18-cr-78 (AJN), 2020 WL 2848098, at *4 (S.D.N.Y. June 2, 2020); *Scparta*, 2020 WL 1910481, at *9; *United States v. Stephens*, No. 15-cr-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020); *accord United States v. Nkanga*, No. 18-cr-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020).  However, it contends that the sentencing factors in § 3553(a) do not favor a reduction in Mr. Graham's sentence.  The Court agrees.

Because this Court sentenced Mr. Graham, the Court is intimately familiar with how these factors apply in his circumstances.  As the Court noted at sentencing, Mr. Graham's conduct was extremely dangerous.  Sentencing Tr. at 24.  Mr. Graham was the leader of a drug trafficking organization, and such organizations do tremendous damage to our communities.  *Id.* at 23.  The shooting Mr. Graham organized imperiled a number of lives, including the life of a child.  What's more, the shooting was designed to thwart law enforcement investigations and terrorize a cooperating witness.  The Court acknowledges mitigating factors, including that Mr. Graham accepted responsibility for his conduct and endured a difficult childhood.  *Id.* at 26.  However, it also considers his significant criminal history, including prior periods of incarceration for violent crimes.  PSR ¶¶ 47–54.

The sentence the Court imposed was the minimum necessary required to effectuate the

purposes of sentencing at the time, and it remains sufficient but no greater than necessary to achieve those purposes today.  A substantial sentence is necessary to reflect the seriousness of the offense, to deter like conduct by others, and to deter Mr. Graham from future violent crime. The Court also has concerns that Mr. Graham, were he released today, would continue to pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).  Mr. Graham has been cited for violent altercations in prison as recently as last year.  *See* Gov. Br., Ex. B.  Thus, it does not appear that Mr. Graham has put his significant history of violent conduct behind him.

   The Court takes into account the effect of the COVID-19 pandemic on the balance of the § 3553(a) factors.  The pandemic has imposed serious health risks on incarcerated persons.  But those risks are not as great for Mr. Graham as for many other incarcerated people.  Mr. Graham is only thirty-eight years old.  Gov Br., Ex. A.  Contrary to the statements in his pro se motion for compassionate release, medical records from the Bureau of Prisons do not reflect a diagnosis of hypertension, although they do reflect that he is obese, which is a risk factor for COVID-19. *Id.*  The Court finds that the risk of COVID-19 is not enough to tip the balance of the § 3553(a) factors for Mr. Graham.

   On balance, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that the sentencing factors weigh in favor of continued incarceration.  It thus declines to exercise its discretion to reduce Mr. Graham's sentence.

### III.   Conclusion

   For the foregoing reasons, the Court DENIES Mr. Graham's motion for compassionate release (Dkt. No. 92).  The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Opinion to Mr. Graham and to note the mailing on the public docket.

     SO ORDERED.

Dated: February 2, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge