UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/4/2023

United States of America,

—v—

Soloman Graham,

Defendant.

16-cr-426 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Defendant Solomon Graham is currently serving a sentence of 151 months' imprisonment after pleading guilty to conspiracy to distribute heroin and crack cocaine and witness retaliation in connection with his role as the leader of a drug trafficking organization. Amended Judgment, Dkt. No. 82; Sentencing Tr., Dkt. No. 80 at 23–24. Mr. Graham, acting *pro se*, previously filed a motion for compassionate release on August 11, 2020. Dkt. No. 92. The Court denied that motion on February 2, 2021, concluding that "the sentencing factors weigh in favor of continued incarceration." *United States v. Graham*, No. 16-CR-426 (AJN), 2021 WL 355336, at *2 (S.D.N.Y. Feb. 2, 2021). Mr. Graham filed the present motion once again seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Graham Br., Dkt. No. 116. For the reasons that follow, the Court denies Mr. Graham's motion.

Mr. Graham is incarcerated at USP Lee in Virginia with a projected release date of around February 14, 2028. Gov't Br. at 1, Dkt. No. 118. The Government does not contest that Mr. Graham has exhausted his administrative remedies. Gov't Br. at 2. Moving *pro se*, Mr. Graham filed the present compassionate release motion, which was docketed in this Court on

July 14, 2023.  Graham Br.  His motion argues that compassionate release is warranted because (1) of circumstances created by the COVID-19 pandemic, (2) an alleged miscalculation of his sentence, and (3) the 18 U.S.C. § 3353(a) factors weigh in favor of his release.  Graham Br. at 6–16.  The Government filed an opposition on August 8, 2023.  Gov't Br.

The Court denies Mr. Graham's motion substantially for the reasons stated in its opinion denying Mr. Graham's first motion for compassionate release.  *See Graham*, 2021 WL 355336.  "Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011) (cleaned up).  The compassionate release provision of the First Step Act creates one such exception, allowing a district court to reduce a term of imprisonment on a motion by a defendant if the court determines that (1) the defendant has exhausted their administrative remedies; (2) extraordinary and compelling reasons warrant such a reduction; and (3) such a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the U.S. Sentencing Commission.  *See United States v. Scparta*, 567 F. Supp. 3d 416, 420–21 (S.D.N.Y. 2020).  The Government contends that Mr. Graham's motion "should be denied both because he has failed to establish 'extraordinary and compelling' circumstances and because a sentence reduction is not warranted based on the Section 3553(a) factors."  Gov't Br. at 9.  The Court agrees that the § 3553(a) factors continue to weigh against compassionate release.

This Court previously found that the COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals with risk factors for severe illness from COVID-19.  *See, e.g., United States v. Gross*, 452 F. Supp. 3d 26, 30 (S.D.N.Y. 2020).  Assuming

*arguendo* that Mr. Graham has demonstrated the existence of extraordinary and compelling circumstances,[1] the Court again concludes that the sentencing factors in § 3553(a) continue to counsel against compassionate release in this case. *See Graham*, 2021 WL 355336 at *2.

In the present motion, Mr. Graham argues that the mitigating factors described in a specialist's report from his sentencing submission and his rehabilitation warrant early release. Graham Br. at 15–16. The Court acknowledges, as it did at sentencing, Mr. Graham's acceptance of responsibility and difficult upbringing as mitigating factors. *See* Sentencing Tr. at 25–26. Mr. Graham's enrollment in educational courses and his desire to contribute to society are commendable. The Court also considers the many letters authored by Mr. Graham's family members and friends attesting to the remorse he feels for his crimes and his growth during incarceration. Nonetheless, such evidence of rehabilitation must be balanced against his disciplinary record, which reflects recent instances of violent misconduct. *See* Gov't Br. at 5. Moreover, rehabilitation is only one of the many factors under § 3553(a) that the Court must consider. *See* § 3553(a); *United States v. Fairclough*, 439 F.3d 76, 79 (2d Cir. 2006) (describing the various § 3553(a) factors).

At the time of original sentencing, the Court imposed a sentence necessary to effectuate the purposes of sentencing at the time, and it continues to remain sufficient but no greater than

---

[1] Mr. Graham argues that one reason he has demonstrated the existence of extraordinary and compelling circumstances is because his sentence was allegedly miscalculated. *See* Graham Br. at 7–14. But this argument is more appropriate for a habeas petition. *See United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) ("Although the Court has the discretion to determine what qualifies as an extraordinary and compelling reason, the Court believes that it would be both improper and inconsistent with the First Step Act to allow [the defendant] to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition."); *see also United States v. Muntslag*, No. 13-CR-635 (AJN), 2022 WL 255347, at *3 (S.D.N.Y. Jan. 25, 2022). To the extent that Mr. Graham argues that this alleged sentencing error warrants a reevaluation of the § 3553(a) sentencing factors, such argument would not change the Court's resolution of this compassionate release motion.

necessary to achieve those purposes today. As the Court stated during sentencing, Mr. Graham engaged in "extreme and dangerous conduct." *See* Sentencing Tr. at 25. Mr. Graham was the leader of a drug trafficking organization and intentionally endangered multiple lives, including the life of a child. *Id.* at 23–24. A reduction in Mr. Graham's sentence would not adequately reflect the seriousness of the offense, protect the public, or afford adequate deterrence. On balance, the Court again finds that the § 3553(a) factors counsel against granting Mr. Graham's motion.

    For the foregoing reasons, the Court DENIES Mr. Graham's motion for compassionate release. The Clerk of Court is respectfully directed to terminate Dkt. No. 116, to mail a copy of this Order to Mr. Graham, and to note the mailing on the public docket.

    SO ORDERED.

Dated: December 4, 2023  
       New York, New York

                                         ALISON J. NATHAN  
                                         United States Circuit Judge,  
                                         sitting by designation